# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                                  **Case No. 95-CR-44**

**ANDRE HAWKINS**
        **Defendant.**

## ORDER

In 1995, Judge Thomas Curran sentenced defendant Andre Hawkins to 156 months in prison, followed by three years of supervised release. Defendant began supervision on April 3, 2007, and is set to discharge on April 2, 2010. Defendant now requests early termination of his supervised release.[1]

Under 18 U.S.C. § 3583(e)(1), the district court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Thus, the court may terminate a defendant's supervised release if (1) he has served at least one year; (2) considering the pertinent sentencing factors in 18 U.S.C. § 3553(a), as well as the defendant's conduct, termination is in the interest of justice; and (3) the government is given notice and an opportunity to be heard. See United States v. Medina, 17 F. Supp. 2d 245, 245 (S.D.N.Y. 1998).

Defendant has served more than one year of supervision, making him eligible for

---

[1] The case was reassigned to me on Judge Curran's retirement.

termination, and the government has been afforded an opportunity to respond.  However, I cannot conclude that early termination would be in the interest of justice.

Defendant notes that aside from a speeding ticket he had avoided new contacts, and that all of his urine screens have been negative.  However, the conduct of the defendant necessary to justify early termination must include more than simply following the rules of supervision.  Otherwise, every defendant who avoided revocation would be eligible for early termination.  Instead, termination is generally granted only in cases involving new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); Medina, 17 F. Supp. 2d at 246-47.  Defendant makes no such showing here.  He notes that he wants to move to Las Vegas to pursue a music career.  However, nothing about that desire makes his situation exceptional, and with just one more month to go he will very soon be free of any strictures of supervision impeding his plans.

**THEREFORE, IT IS ORDERED** that defendant's request for early termination is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of March, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge